IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN ROLANDREW SEVELL WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 11-170-SLR |
| ) | |
| CALIFORNIA STATE PRISON, ) | |
| CORCORAN, ) | |
| ) | |
| (Holder of the Key), ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

At Wilmington this ___ day of August, 2011, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254 and 28 U.S.C. § 2241;

IT IS ORDERED that petitioner Ryan Rolandrew Sevell Wilson's ("petitioner") application for habeas relief (D.I.1) is dismissed for the reasons that follow:

**1. Background.** Presently pending before the court is petitioner's application "for writ of habeas corpus pursuant to 28 U.S.C. § 2241." (D.I. 1) The application asserts nine grounds for relief, all of which appear to concern petitioner's conviction in California for an unidentified offense. *Id.* Petitioner contends that the respondent is a "foreign commercial corporation," and suggests that respondent is wrongfully imprisoning him in the State of California. (D.I. 1 at 2) Petitioner also asserts that the California courts are incorporated "either directly and indirectly in the State of Delaware." *Id.* Consequently, he contends that this court has jurisdiction to hear his claims because the court has "original administrative jurisdiction and authority over corporations, courts, and all other public offices" under the "Administrative Procedures

Act of 1946" and "The Foreign Sovereign Immunities Act." *Id.* For relief, petitioner asks the court to demand his immediate discharge. *Id.*

2. **Standard of Review.** Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

3. **Discussion.** Having reviewed the face of the petition, the court concludes that summary dismissal is appropriate in this case. Contrary to petitioner's assertion, the court does not have jurisdiction over the instant proceeding because petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Accordingly, the instant case cannot proceed in this court.

4. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.


                                        _____
                                        UNITED STATES DISTRICT JUDGE